The judgment of the court was pronounced by
Preston, J.
The defendant drew a bill of exchange in favor of J. B. Wallace, on Messrs. Galbraith and Greenfield, which was accepted by them. At its maturity they failed to pay the bill. It was protested, and notice thereof given to the defendant, the drawer. After its dishonor the bill was transferred to the plaintiff by the endorser, who sues the drawer. The plaintiff, of course, is liable to any equities between the endorser and the defendant..)
The defendant alleges, that at maturity the bill was partially paid, and as to the balance was renewed by a promissory note drawn by the endorser of the bill and endorsed by the acceptors, which was paid by the acceptors.
Greenfield, one of the acceptors, having been released by the defendant, was offered by him as a witness, and proved, without objection to his testimony, that twenty per cent of the bill having been paid at maturity by Wallace, the City Bank, in which it had been discounted, discounted the note of Wallace with the endorsement of Galbraith and Greenfield for the balance, and gave up the bill. He further stated, that it was agreed between him and Wallace, that his firm were to take up this note ; that Wallace furnished $1420 of the means to take it up, and told witness that if he would take it up at maturity, with this aid, he would release all the parties to the bill of exchange; and he proves that the note was taken up and paid by him.
This testimony is corroborated by the fact that Wallace did pay 20 per cent on the amount of the bill; that a note signed by him and endorsed by Galbraith and Greenfield was discounted in the City Bank, and ghecked for by them in payment of the note given for the balance of the original draft, and that this note was, in point of fact, paid and taken up by Galbraith and Greenfield; or these facts, having b.een sworn to by Greenfield, would have been immediately disproved by the officers and directors of the bank. He is corroborated also by . Galbraith, who, having been released by the defendant, states that his firm had been shipping produce under the direction of Wallace, and that the latter had advanced largely upon it; that their accounts were not liquidated, and that they paid Wallace a thousand dollars after they failed, that is about the time the transactions occurred which are the subject matter of this suit.
We regret that the testimony in a case involving so large an amount, is not more definite and satisfactory; but on the whole, think it preponderates in favor of the defendant, and that we are are not authorized to reverse the judgment of the district court, which is affirmed, with costs.